# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HAROLD A. CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV586 |
| | ) | |
| CABARRUS COUNTY JAIL, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Harold A. Caldwell, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Cabarrus County Jail as the only defendant in the case and alleges that conditions in the Jail violate his constitutional rights in a number of ways. As an initial matter, the Jail is a building and § 1983 forbids violations of federal rights by persons. The Sheriff of Cabarrus County, as the official overseeing the Jail, arguably could be substituted and treated as the Defendant. Knight v. Vernon, 214 F.3d 544, 554 (4th Cir. 2000) (recognizing that sheriffs in North Carolina have duty of overseeing jails). However, for reasons that follow, the identity of a proper defendant or defendants is not the most serious deficiency in the Complaint.

Any proper defendant in this case would be a governmental entity, officer, or employee. Accordingly, because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent
(continued...)

-2-

defenses that clearly appear on the face of the complaint.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).  For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Plaintiff sets out a list of allegations, most of which appear in seventeen numbered paragraphs in the fact section of his Complaint (Docket Entry 2, § V).  Plaintiff makes an initial statement that he seeks counsel in cases 1:11CV1021 and 1:12CV18.  Then in his first numbered paragraph he states that he cannot afford an attorney.  In his second numbered paragraph, he adds that the "lawyer that was appointed in this matter" has not come to see him and that he "needs to know if your [sic] going to represent me" or if he needs to "consult with another lawyer for these law suites [sic] cases."  Cases 1:11CV1021 and 1:12CV18 are prior actions filed in this Court by Plaintiff under § 1983.  Both of those cases have been dismissed and are closed.  Plaintiff was not appointed, and will not be appointed, counsel in those closed cases.  As for his other statements regarding an attorney, no attorney was ever

---

[1](...continued)
standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).  Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, ___ U.S. ___, 130 S. Ct. 2064 (2010), and cert. denied, ___ U.S. ___, 130 S. Ct. 3275 (2010).

appointed for Plaintiff by this Court in any of the suits he has filed here. If he seeks an attorney in any of his cases which are not closed, he must make a motion in those cases. Counsel will not be appointed in the present case due to the recommendation of dismissal. Finally, if Plaintiff is referring to an attorney appointed by the state courts to represent him in state criminal matters, this Court has no control over that process. That is a matter between Plaintiff, his attorney, and the state courts.

Plaintiff's third numbered paragraph is a conclusory allegation that he has been deprived of his rights from August 15, 2011 through the present. It is followed by paragraphs Four through Seven, which all contain allegations regarding food preparation and service in the Jail. Paragraph Four claims that the meals are all cold and that there is "not enough food portion." Plaintiff adds that he must eat in his 6 by 12 foot cell, 6 feet away from a toilet with a cellmate that "will and have urinated and took a bowel movement while Plaintiff is trying to eat." Paragraph Five states that, on "Oct 1, Oct 2 at breakfast the Plaintiff was served powdered milk" and that the Jail runs out of milk and toilet paper "all the time." Paragraph Six alleges that food is brought to prisoners on trays with no tops covering the food, that "9 times out of 10 no condiments are put on [the] trays" and that there are bacteria, other chemicals, and germs in the Jail. Finally, Paragraph Seven alleges that tables for eating are available in the recreation area, but that they are not used for that purpose.

As the United States Court of Appeals for the Fourth Circuit has stated regarding prison conditions, "[t]o succeed on an Eighth Amendment 'cruel and unusual punishment'

claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was 'sufficiently serious' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir 1998)(citing cases). It appears that Plaintiff is a pretrial detainee. However, if so, he must still show deprivation of a basic human necessity. See Jordan v. Doe, 38 F.3d 1559, 1564-65 (11th Cir. 1994). Plaintiff fails to do so.

Neither condiments, non-powdered milk, large portions of food, nor tray covers are basic human necessities. Although Plaintiff would perhaps prefer all of these items, he has also demonstrated no harm from their absence. Cold food, although unpleasant, does not violate the Constitution. See, e.g., Thaddeus-X v. Blatter, 175 F.3d 378, 404-405 (6th Cir. 1999) (citing numerous cases). Neither is having to eat in a cell with an unflushed toilet sufficient. Mestre v. Wagner, NO. CIV. A. 11-2191, 2012 WL 299652 (E.D. Pa. Feb 01, 2012) (unpublished); Kinser v. County of San Bernardino, No. ED CV 11-0718-RGK, 2011 WL 4801899 (C.D. Cal. Aug. 25, 2011) (unpublished), recommendation of Magistrate Judge later adopted, 2011 WL 4802850 (C.D. Cal. Oct. 11, 2011) (unpublished); Smith v. United States Penitentiary Lee, No. 7:11CV77, 2011 WL 767165 (W.D. Va. Feb. 25, 2011) (unpublished).

Paragraph Eight states that, on October 15, 2011, Plaintiff had to hold his bowel movement from 11:15 AM until 3:45 PM while he waited for Jail officers to bring him toilet paper. This alleges a certain level of personal discomfort on a single, brief occasion.

However, it does not rise to the level necessary to create a deprivation of a basic human need so as to violate Plaintiff's constitutional rights.

Paragraph Nine concerns access to legal materials. It claims that a Jail employee violated Jail guidelines and that Plaintiff and other inmates have now lost their "legal rights privileges to [their] Law Statutes about our charges" and cannot "get any help with [their] court cases. This general allegation by Plaintiff sets out "'no specific problem he wished to research and ... no actual injury or specific harm which has resulted to him by his limited access to'" legal materials. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993) (quoting Magee v. Waters, 810 F.2d 451, 452-53 (4th Cir.1987)). Also, "[m]ost federal courts of appeals have imposed an 'injury' requirement on prisoners raising access to courts claims." Id. at 1383 n.10 (citing cases). Plaintiff alleges no actual injury. Therefore, his access to the courts claim should be dismissed.

Paragraph Ten addresses Jail safety and claims that Plaintiff has been on "lockdown for 20 hours a day for 10 months" and that the intercom system was broken from May 5, 2012 until May 15, 2012 so that Plaintiff could not call for help if attacked. Also, on May 7, 10, and 14, 2012, there were "razors" in the cell, but there was not an officer in the cell at all times. Keeping inmates in a two-man cell for 20 hours a day does not violate the Constitution. See Smith v. Fairman, 690 F.2d 122, 123-26 (7th Cir. 1982). As for the intercom and razor allegations, Plaintiff alleges absolutely no harm from these occurrences and they are not ongoing conditions. Paragraph Ten thus does not state any claim for relief.

-6-

Case 1:12-cv-00586-WO-LPA   Document 3   Filed 06/21/12   Page 6 of 10

Paragraphs Eleven and Twelve reference water at the Jail. In Paragraph Eleven, Plaintiff claims that he cannot shower every day because the water is either too hot or too cold. Paragraph Twelve alleges that the water from the water fountain tastes "polluted." Hot and cold shower controls that do not work well or showers that suffer a loss of cold water when a toilet is flushed do not violate the constitution. Shrader v. White, 761 F.2d 975, 984 (4th Cir. 1985). Likewise, daily showers are not a requirement for sufficient hygiene. Davenport v. DeRobertis, 844 F.2d 1310, 1316 (7th Cir. 1988). Plaintiff makes no allegation sufficient to show impairment of basic hygiene or, again, any harm or threat to his health. As for the water in the water fountain, Plaintiff makes only the general and conclusory allegation that the water tastes "polluted." He makes no allegation that the water is actually dangerous or unsafe to drink. His claims related to the showers and water supply in the Jail should be dismissed.

Plaintiff's Thirteenth and Fourteenth Paragraphs relate to dental care in the Jail. Plaintiff states in Paragraph Thirteen that there is no dentist in the Jail, that he questioned a nurse about this, and that she told him she had "called a thousand dentists and nobody . . . wants to assist this jail." In Paragraph Fourteen, he adds that he has had a "toothache" for three months and that he needs to "have [his] teeth filled and capped and cleaned." He describes this alleged need as "urgent," but provides no details showing any urgency. Claims involving medical treatment have both a subjective and an objective component. In order to state a claim for wrongful medical treatment under § 1983, Plaintiff would have to show that Defendant "acted with 'deliberate indifference' (subjective) to the inmate's 'serious

medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Here, Plaintiff has not made sufficient allegations to satisfy either requirement. The Jail has not shown deliberate indifference. In fact, according to Plaintiff, a nurse at the facility has attempted, albeit unsuccessfully, to obtain dental care for the inmates. Further, Plaintiff's allegations do not establish a "serious medical need." He claims only to have a "toothache" and makes conclusory and speculative allegations as to a remedy and his degree of need. He provides no factual basis for those conclusions. Overall, his allegations do not state a viable claim for relief.

The Fifteenth Paragraph of the Complaint reports that the air conditioner is loud so that it is difficult to sleep when the television is off and the cell-block is quiet. As with some of Plaintiff's other complaints, this circumstance represents nothing more than an inconvenience incident to incarceration. It does not state a violation of Plaintiff's constitutional rights.

In Paragraph Sixteen, Plaintiff relates that, for one week in the spring of 2012, he was in the population with a man who "had the disease called mercer [sic]." He and this man talked and shook hands. By "mercer," Plaintiff likely refers to MRSA or Methicillin-resistant Staphylococcus aureus. In any event, whatever disease the man allegedly carried, Plaintiff does not claim that he was infected or suffered any actual harm. Nor does he allege any continuing threat. Plaintiff has failed to state a claim for relief with this allegation.

Finally, Plaintiff declares in Paragraph Seventeen that, if the "State Board" knew how the Jail was being run, the Jail "would be taken by the FBI." Plaintiff adds that he is ready for summonses so that he can proceed with the lawsuit. These statements are not an attempt to state a claim, but are merely further hyperbole by Plaintiff.

In the end, Plaintiff has not stated facts that would entitle him to any relief, whether the allegations are considered separately or together as a whole. Plaintiff's claims do not paint a pleasant picture of life in the Jail, but also do not rise to the level of constitutional violations. The Complaint should be dismissed for that reason.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment. It appears that Plaintiff has no money with which to make an initial payment. Therefore, one will not be ordered. However, an order mandating payments toward the applicable $350.00 filing fee will be put in place in the event that funds become available.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July,

2012 and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for being for failing to state a claim upon which relief may be granted.

                                                /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                       **United States Magistrate Judge**

Date: June 21, 2012